**DEATH PENALTY CASE**
IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

### CASE NO. 20-13353-P

_____

WILLIAM EMMETT LECROY, JR.,
Appellant/Petitioner,

v.

UNITED STATES OF AMERICA,
Appellee/Respondent.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA, GAINESVILLE DIVISION

_____

### REPLY BRIEF FOR THE APPELLANT

_____

JOHN R. MARTIN
Martin Brothers, P.C.
Georgia Bar No.  473325
1099 St. Louis Pl.
Atlanta, GA  30306
(404) 433-7446
jack@martinbroslaw.com

SANDRA MICHAELS
Georgia Bar No.  504014
965 Virginia Avenue, N.E.
Atlanta, GA 30306
(404) 312-5781
SLMichaelsLaw@gmail.com

1

STEPHEN FERRELL
Federal Defender Services of Eastern
Tennessee, Inc.
800 South Gay Street, Suite 2400
Knoxville, TN  37929
Ph:  (865) 637-7979
Stephen_Ferrell@fd.org

**Attorneys for Appellant**

2

**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

| | | |
|---|---|---|
| **WILLIAM EMMETT LECROY, JR.,** | * | |
| | * | |
| **Appellant/Petitioner,** | * | |
| | * | |
| **v.** | * | **CASE NO. 20-13353-P** |
| | * | |
| | * | |
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **Appellee/Respondent.** | * | |

## CERTIFICATE OF INTERESTED PERSONS

The Appellant certifies that the following persons have an interest in the outcome of the instant appeal:

Carolyn Cain Burch – Appellee's counsel

Stephen Ferrell – Appellant's counsel

William Emmett LeCroy, Jr. – Appellant

John R. Martin – Appellant's counsel

Scott Meisler – Appellee's counsel

Sandra Michaels – Appellant's counsel

Richard W. Story – District Court Judge

Joann Tiesler – Victim

i

## <u>CERTIFICATION OF TYPE SIZE AND STYLE</u>

Pursuant to Eleventh Circuit Rule 28-2(d), Appellant certifies that this Brief is typed in 14 point Times New Roman.

## Table of Contents

**Certificate of Interested Persons**.................................................................................i

**Certification of Type Size and Style**.........................................................................ii

**Table of Contents**..................................................................................................... iii

**Table of Authorities** ................................................................................................ iv

**Oral Argument** ......................................................................................................... v

**Jurisdiction**................................................................................................................ 1

**Standard of Review** ................................................................................................... 2

**Argument and Authority** .......................................................................................... 2

**Certificate of Compliance** ........................................................................................ 9

**Certificate of Service**.............................................................................................. 10

## Table of Authorities

**CASES**                                                                **PAGE**

*Baze v. Parker,* 632 F.3d 338 (6th Cir. 2011)……………………………………7

*Bowles v. Desantis,* 934 F.3d 1230 (11th Cir. 2019)…………………………7

*Bradley v. King,* 556 F.3d 1225, 1229 (11th Cir. 2009)…………………..2

*Burton v. Alabama DOC,* No. 17-22536, 2017 WL 4457572………………5

*Dunn v. Borden,* 138 S.Ct. 312 (2017)………………………………………...5

*Dunn v. McNabb,* 138 S.Ct. 369 (2017)……………………………………….5

*Dunn v. Melson*, 137 S.CT. 2237 (2017)……………………………………6

*Grayson v. Alabama DOC¸* no. 17-14612, 2017 WL 4767741…………….5

*In re: The Matter of the Federal Bureau of Prisons' Execution
Protocol Cases,* No. 1:19-MC-00145-TSC (D.D.C. Sept. 8, 2020)………..3

*Klay v. United Healthgroup, Inc.*, 376 F.3d 1092 (11th Cir. 2004)…………4, 6

*LeCroy v. Bar, et. al.¸* No. 1:20-CV-02481-TSC (D.D.C. Sept. 8, 2020)….3

*Long v. Se'y, Dep't of Corr.,* 924 F.3d 1171 (11th Cir.)…………………….2

*Nken v Holder,* 556 U.S. 418 (2009)…………………………………………..2

*Schiavo ex rel. Schindler v. Schiavo,* 403 F.3d 1223 (11th Cir. 2005)………3, 4, 6

*United States v. New York Tel. Co.,* 434 U.S. 159 (1977)…………………1

*United States v. Purkey,* No. 20A4, 2020 WL 3988699 (July 15, 2020)…..6

## STATUTES

28 U.S.C. § 1292(a)(1)……………………………………………………….1

28 U.S.C. § 2253(a)……………………………………………………….1

42 U.S.C. § 1983…………………………………………………………….3

## OFFICIAL CODE OF GEORGIA ANNOTATED

O.C.G.A. § 17-10-41…………………………………………………..4

## OTHER

Declaration of Carol Wright…………………………………………7

## C.F.R.:

28 C.F.R. § 26.3(a)…………………………………………………7

## Eleventh Circuit Rules:

Rule 28-2(d)…………………………………………………………ii

## Federal Rules of Appellate Procedure:

Fed. R. App. P. 32(a)(7)……………………………………...............9

## Oral Argument

Contrary to the Government's assertion that oral argument would delay Mr. LeCroy's scheduled execution, this Court has the power to conduct an oral argument in an expedited manner. Indeed, the serious nature and finality of the issues at stake militate in favor of an opportunity for the parties to address any questions this Court may have.

## Jurisdiction

The Government's Brief correctly notes that in his Initial Brief, Appellant incorrectly invoked this Court's jurisdiction under 28 U.S.C. §2253(a). The correct Statement of Jurisdictional Authority should read that where the District Court construed and denied Petitioner's Motion to Reset Date as a Motion for Stay of Execution, the Circuit Court of Appeals has jurisdiction to review that denial. 28 U.S.C. § 1292(a)(1). In addition, the Circuit Court of Appeals has jurisdiction to review the denial of a motion under the All Writs Act, 28 U.S.C. § 1651. *See also United States v. New York Tel. Co.*, 434 U.S. 159, 172, (1977) ("This Court has repeatedly recognized the power of a federal court to issue such commands under the All Writs Act as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained.").

## Standard of Review

As stated in Appellant's Initial Brief, this Court must review the District Court's legal decisions *de novo* because the District Court's decision to review Appellant's Motion to Reset Date as a motion for stay of execution was a legal one. *See*, *Bradley v. King*, 556 F.3d 1225, 1229 (11th Cir. 2009) (circuit court reviews legal decisions *de novo*). Even if this Court were to apply the abuse of discretion standard, Appellant plainly meets that standard because the District Court's decision applied the incorrect legal standard. *Long v. Sec'y, Dep't of Corr.*, 924 F.3d 1171, 1175 (11th Cir.)

## Argument and Authority

In its first argument to this Court, the Government insists that Appellant is seeking a stay or a traditional injunction. This is not Appellant's argument. Case law from this circuit clearly recognizes the relief Appellant seeks through the All Writs Act is not governed by the same standard as a request for a stay of execution. The District Court erroneously applied the standard for a stay.

The order sought in the court below was not, as the Government contends, an order to tell the Executive Branch "what to do or not to do." (Govt. Brief at 22, citing *Nken v. Holder*, 556 U.S. 418, 428 (2009). Rather, Appellant requests an

2

order telling the Executive Branch **when** to carry out his execution so that the District Court's Order regarding appointment of counsel can be effectively implemented. Such an order may be properly issued under the All Writs Act and is not a stay of execution.

For this same reason, the Government's comparison of Appellant's motion to those filed by condemned inmates in challenges to methods of execution under 42 U.S.C. § 1983 (Govt. Brief at 23-25) is inapposite. In those cases, a traditional stay or injunction is clearly the proper remedy because the petitioner has a different underlying issue he is seeking to litigate. Thus, those challenges are correctly characterized as requesting a stay for which the challengers must show their likelihood of success on the underlying issue: their challenge to the method of execution.[1] Indeed, those cases provide "textbook" examples of the type of case identified in *Schiavo ex rel. Schindler v. Schaivo*, 403 F.3d 1223, 1229 (11th Cir. 2005), where a party asks the court to order that one proceeding be stayed so that

---

[1] This Court must not be misled by the Government's insinuation that Appellant would seek the instant relief in order to give him time to litigate his method-of-execution challenge that is currently pending in the District Court for the District of Columbia. (Govt. Brief at 23, fn 7). In that litigation, Appellant has filed a Motion for Preliminary Injunction wherein he must show a likelihood of success on the merits of his claims. (Emergency Motion for A Preliminary Injunction, R. 9, pp. 1-4, *Lecroy v. Barr, et al.,* No. 1:20-cv-02481-TSC (D.D.C. Sept. 8, 2020), subsequently consolidated into: *In re: The Matter of the Federal Bureau of Prisons' Execution Protocol Cases*, No. 1:19-mc-00145-TSC (D.D.C. Sept. 8, 2020), *Id.* at R. 233, pp. 1-4.).

3

it, or another court, can determine the merits of a related claim. As argued in Appellant's brief, the District Court and the Government incorrectly cited *Schiavo* to deny Appellant's request. This Court in *Schiavo* clearly stated that a request to "do something" while another matter is being legally decided is a stay which would prohibit the AWA from coming into play. *Schiavo* , 403 F.3d at 1229. As Appellant has stressed here, the current litigation under the All Writs Act does not put the execution on hold so that some other litigation may proceed. Appellant merely asks the Court to reset the execution so that counsel may perform his appointed duties at that event. In such a situation, the District Court would be properly exercising its authority under the All Writs Act to ensure that all of its orders are properly and effectively carried out.

It should be noted that the Government incorrectly states Appellant concedes that he is asking for an injunction when in his Brief he discusses the decision in *Klay v. United Healthcare Group, Inc.*, 376 F.3d 1092 (11th Cir. 2004) using the word "injunction". (Govt. Brief, p. 22 fn 6). This Court in *Klay* uses the word "injunction" in its decision but the holding makes clear there is a difference between an injunction issued under the All Writ's Act and a traditional injunction. *Klay*, 376 F. 3d at 1097-98.

Finally, the Government argues that what Appellant seeks by resetting the execution would be an anomaly because he does not have to show a likelihood of

4

success on underlying claims. (Govt. Brief at 25-26). This argument is irrelevant because it ignores the stark reality of the facts presented to the District Court and the extraordinary circumstances from which they arise. The pandemic sweeping across this nation has caused much disruption in many important activities of both the government and the private sectors in much the same way other natural disasters have disrupted everyday lives. In these circumstances, courts must address novel questions that would have seemed previously unthinkable. That does not make the remedy an anomaly.

For this reason, Appellant agrees with the Government that an order under the All Writs Act is indeed, an extraordinary remedy for extraordinary circumstances. (Govt. Brief at 26). The confluence of a worldwide pandemic caused by a heretofore unknown virus with lead counsel's underlying chronic illness is not one that will present itself with any regularity. The cases cited for comparison by the Government in its Brief at 28-29 all involve situations where the Petitioner was seeking a delay in execution so that the merits of some other challenge could be heard. *See Dunn v. McNabb*, 138 S. Ct. 369 (2017) (vacating stay ordered in *Grayson v. Alabama DOC,* No. 17-14612, 2017 WL 4767741, at *1 (11th Cir. Oct. 18, 2017) (*per curiam*) so that Dunn could pursue lethal injection litigation)); *Dunn v. Borden*, 138 S. Ct. 312 (2017) (vacating injunction issued by this Court in *Burton v. Alabama DOC*, No. 17-11536, 2017 WL 4457572, at *1

5

(11th Cir. Sept. 29, 2017) (per curiam) so that he could pursue lethal injection litigation)); *Dunn v. Melson*, 137 S. Ct. 2237 (2017) (same); *United States v. Purkey*, No. 20A4, 2020 WL 3988688 (July 15, 2020) (vacating stay of a federal execution so that Purkey could pursue claims of ineffective assistance of counsel). None of these cases speak to the present situation where Appellant seeks relief from the court so that the court's order appointing counsel can be effectively carried out.

In summary, all of the cases and factual situations cited by the Government involve asking the courts for more time to pursue other legal remedies.  That is the textbook example of asking for a stay or preliminary injunction as described in *Schiavo* and *Klay, supra*.  However, the case at bar involves no such other legal remedies.  Appellant asked the District Court, in a time of worldwide pandemic, to reset the date of his execution so that his lead counsel, who suffers from a chronic illness but would otherwise fulfill his duty at the time of execution, may do what he was appointed to do.  By this motion, Appellant is not seeking time to pursue other litigation.

The Government misunderstands the duty of appointed counsel in a federal death penalty case.  The cases the Government cites illustrate its misunderstanding. The duties of appointed counsel in a federal death penalty case include advising his client during the pendency of legal and clemency proceedings, to verify the client's

6

mental health, to listen to and reassure the client on the eve of his execution and to monitor the implementation of his execution for any irregularities. These are all part of defense counsel's appointed duties. (*See* Declaration of Carol Wright, R.593-2, pp. 1-4, ¶¶ 3-6). This is true despite the Bowles and *Baze* cases cited by the Government. In *Bowles v. Desantis*, 934 F.3d 1230, 1241-42 (11th Cir. 2019), this Court found that a state death-row inmate whose attorney had been appointed to pursue challenges to his state conviction and death sentence could not appear at a state clemency interview where the State has appointed another attorney to fill that role. In *Baze v. Parker*, 632 F.3d 338, 339 (6th Cir. 2011), the petitioner sought a federal court order for "unfettered access to [Kentucky Department of Corrections] personnel. The duties of counsel in those challenges to state convictions are very different from the duties of appointed counsel in a federal death penalty case.

Finally, the District Court does have superior authority to reset any execution date set by the Executive Branch. Every directive to the Executive Branch outlining their procedures in setting a date of execution makes their actions explicitly subject to a court's authority. *See e.g.* 28 C.F.R. § 26.3(a) ("Except to the extent a court orders otherwise,"). This is because the court that ordered the execution has authority to see its orders carried out in a manner that complies with federal law as well as the Constitution. Under that authority, the District Court

7

here has discretion, under the All Writs Act, to reset Appellant's execution date so that he could be effectively represented by his lead counsel. Once this Court finds that authority exists, it must remand this case to the District Court so that court may exercise its discretion.

This 15th day of September, 2020.

Respectfully submitted,

BY:   /s/ John R. Martin
John R. Martin
1099 St. Louis Pl
Atlanta, Georgia  30306
Ph: (404) 433-7446
jack@martinbroslaw.com
*Attorney for Petitioner William Lecroy, Jr.*

/s/Sandra Michaels
Sandra Michaels
965 Virginia Avenue NE
Atlanta, Georgia 30306
Ph: (404) 312-5781
SLMichaelsLaw@gmail.com

/s/Stephen Ferrell
Stephen Ferrell
Federal Defender Services of Eastern
Tennessee, Inc.
800 South Gay Street, Suite 2400
Knoxville, TN  37929
Ph:  (865) 637-7979
Stephen_Ferrell@fd.org

**ATTORNEYS FOR
APPELLANT LECROY**

8

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7), I certify that the number of words in this brief, as counted by my word-processing system, is 1,774 words.

s/John R. Martin
John R. Martin

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2020, the foregoing **REPLY BRIEF FOR THE APPELLANT** was filed electronically. Service was made upon Filing Users through the CM/ECF Electronic Filing System.

s/John R. Martin
John R. Martin

10