## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

| | | |
|---|---|---|
| **WILLIAM EMMETT LECROY, JR.,** | * | |
| | * | |
| **Appellant/Petitioner,** | * | |
| | * | |
| **v.** | * | **CASE NO. 20-13353-P** |
| | * | |
| | * | **Execution Date:** |
| **UNITED STATES OF AMERICA** | * | **September 22, 2020** |
| | * | **6:00 p.m. (EDT)** |
| **Appellee/Respondent.** | * | |

## <u>MOTION FOR STAY OF EXECUTION PENDING EN BANC REVIEW</u>

Now comes Petitioner William Emmett LeCroy, Jr., through counsel, and moves this Honorable Court for an order to Stay the date of execution of Mr. LeCroy's death sentence so that the Court may consider his Petition for Rehearing in this Case. That Petition was filed on September 18, 2020 and remains pending at this time. Because Mr. LeCroy is likely to succeed on the merits of his arguments now before the en banc court, he is entitled to a Stay of Execution.

This Court must review of the panel decision affirming the ruling by the United States District Court for the Northern District of Georgia that denied Mr. LeCroy's Motion to Reset or Modify Execution Date in Order to Implement Court's Order Appointing Counsel, *William Emmett LeCroy, Jr., v. United States of America*, No. 20-12253-P, 2020 WL 5542483 (11th Cir. Sept. 16, 2020). In his original motion, Mr. LeCroy asked the district court to reset or modify his

1

execution date so that his lead counsel could fulfill his appointed duties and attend his execution.  As explained in that motion and in the motion for rehearing that is pending before this Court, LeCroy's longtime lead counsel will be unable to attend his execution due to his chronic illness and his vulnerability to the COVID-19. Although the district court found counsel's arguments sincere and compelling, it found it did not have the power to move the date unless Mr. LeCroy could meet the standards for a Stay of Execution.  Because that finding is based on erroneous legal assumptions, this Court must stay Mr. LeCroy's execution so that the en banc court for this circuit must correct those assumptions.

## CASE HISTORY

As set out more fully in Mr. LeCroy's Petition for Rehearing en banc, on July 31, 2020, the Warden at USP Terre Haute gave notice that Mr. LeCroy's execution had been set for September 22, 2020.  Mr. LeCroy then filed a motion in the district court where he was convicted and sentenced to death asking that court to reset or modify his execution date so that his longtime lead attorney, John Martin, could attend the execution as his witness as provided for by Georgia law as well as the federal execution protocol. (O.C.G.A. § 17-10-41) (18 U.S.C. § 3596 (a)).  The district court conducted a hearing on the motion on September 2, 2020, via Zoom, where it heard arguments.  (Doc. 607).  On September 4, 2020, the District Court entered its Order denying Mr. LeCroy's Motion to Reset the

Execution Date, holding that it did not have the authority, under the All Writs Act, to stay the execution.  (Doc. 601).  The District Court found however, the request to reset the execution date was "genuine and compelling," indicating the District Court was inclined to grant the request if it believed it had the authority to do so. (Doc. 601, p. 18).

Mr. LeCroy appealed that ruling to this Court.  After briefing, the panel denied relief, holding that "neither the district court nor this Court has the authority to postpone LeCroy's execution—at least absent a demonstration that a stay is warranted."  Opinion at 2.  Mr. LeCroy then filed a petition for rehearing en banc on September 18, 2020.  Because that petition has not been ruled upon and because Mr. LeCroy's execution is set to take place in just over twenty-four hours, he now seeks a stay of execution from this Court.

## REASONS FOR GRANTING A STAY

Because Mr. LeCroy is likely to prevail on the merits of his Motion to Reset Execution Date, this Court should grant this Motion for Stay of Execution.  Four factors guide the issuance of a stay: (1) whether the Petitioner makes a strong showing of the likelihood of success on the merits; (2) whether the Petitioner will be irreparably injured absent a stay; (3) whether the issuance of a stay will injure the opposing party; and, (4) whether a stay is in the public interest. *Nken v. Holder*, 556 U.S. 418, 434 (2009). When the Government is the opposing party, assessing

the harm to the opposing party and weighing the public interest merge. *Nken,* 556 U.S. at 435.

**I.    There is a reasonable probability that this Court will grant review and that Mr. LeCroy will succeed on the merits.**

As outlined in Mr. LeCroy's Petition for Rehearing, there are good reasons for en banc court to review this case.  It is also reasonably likely that Mr. LeCroy will prevail on the merits of his claim.  For these reasons, a stay should issue from this Court.

First, in his Petition for Rehearing en banc, Mr. LeCroy has shown that the district court possessed the discretion to reset the execution date and that such a reset would not constitute a stay of execution.  This is because district courts retain discretion to modify execution dates in the same manner they modify other orders such as the date on which a convicted defendant will self-surrender to the Bureau of Prisons or modify a scheduling order.  Because the district court ordered the execution and because it has the jurisdiction to see that it is carried out according to the law, it retained the jurisdiction to reset the date if it found that circumstances required it.

Second, even if this Court were to consider Mr. LeCroy's motion as a request for an injunction, the district court has the discretion to consider it under the All Writs Act, 18 U.S.C.§ 1651(a).  The All Writs Act gives the court jurisdiction to "issue all writs necessary or appropriate in aid of their respective

jurisdictions and agreeable to the usages and principles of law." *Id.* Thus, where the ends of justice so require, the court had the power to reset the execution date so that its earlier order appointing lead counsel under 28 U.S.C. § 3599 could be given full effect. In this case where the extraordinary circumstances of a world-wide pandemic and lead counsel's medical vulnerability lead to his inability to fulfill his appointed duties, the All Writs Act gives district courts discretion to fashion an appropriate remedy. Here, that remedy was to simply reset the date of the execution so that counsel could meet their obligations.

The panel's failure to recognize that propriety of granting relief under the All Writs Act stands in direct conflict with binding case law from this circuit. In *Klay v. United Healthcare Group, Inc.*, 376 F.3d 1092 (11th Cir. 2004), this Court held that a movant may be entitled to injunctive relief under the All Writs Act even without meeting the standards required for the issuance of a traditional injunction. *Klay*, 376 F.3d at 1100. Because neither the district court nor the panel in this case followed that precedent in analyzing Mr. LeCroy's request, there is a reasonable likelihood this Court will need to grant the petition for rehearing to avoid conflicting legal precedents within this circuit.

These points are more fully briefed in Mr. LeCroy's Petition for Rehearing en banc that was previously filed in this case. In that Petition, Mr. LeCroy sets out his legal arguments more fully, and those arguments mandate that this Court find

that he is likely to succeed on the merits of his underlying claims. For that reason, this Court must issue a Stay of Execution in order to fully consider his claims.

**II.    Without a stay of execution, Mr. LeCroy will be irreparably injured pending this Court's decision on his petition.**

Absent a stay, Mr. LeCroy plainly faces irreparable injury, his death. Further, Mr. LeCroy will be prejudiced by the denial of a stay because he would not receive the benefit of a decision on the meritorious issues raised in his petition for rehearing.

**III.    The public interest lies in favor of granting a stay and issuance of a stay will not substantially prejudice the State.**

While the public may have an interest in seeing judgments carried out, it also has an interest that its citizens not suffer punishment in violation of their due process rights. "[I]t is always in the public interest to prevent violation of a party's constitutional rights." *G & V Lounge, Inc. v. Michigan Liquor Control Comm'n*, 23 F.3d 1071, 1079 (6th Cir. 1994) (citing *Gannett Co., Inc. v. DePasquale*, 443 U.S. 368, 383 (1979)); *see also In re Morris*, 328 F.3d 739, 741 (5th Cir. 2003) (the public interest is served when an applicant for a stay makes a showing of a likelihood of success on the merits).

Likewise, the United States suffers no substantial harm when, as in this case, an execution is delayed in order to determine Mr. LeCroy's rights to counsel have been respected despite the novel coronavirus pandemic. The denial of this motion

6

would frustrate the order appointing Mr. Lecroy's legal counsel and interfere with Mr. Lecroy's meaningful access to the courts under the Fourteenth Amendment. *In re Holladay*, 331 F.3d 1169, 1177 (11th Cir. 2003); *In re Morris*, *supra*. And "if the plaintiff shows a substantial likelihood that the challenged law is unconstitutional, no substantial harm to others can be said to inhere in its enjoinment." *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cty., Tennessee*, 274 F.3d 377, 400 (6th Cir. 2001).

Mr. LeCroy seeks a stay of execution for a prompt and accurate determination as to whether the district court may reset or modify an execution date that was set by the executive branch that would frustrate the district court's purposes when it issued an order appointing counsel for all proceedings including clemency and possible execution. Because of appointed counsel's health issues, the date chosen interferes with Mr. LeCroy's access to the courts and counsel. The Fourteenth Amendment guarantees prisoners meaningful access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 822 (1977). An inmate's opportunity to confer with counsel is a particularly important constitutional right which the courts will not permit to be unnecessarily abridged. *Dreher v. Sielaff*, 636 F.2d 1141, 1146 (7th Cir. 1980). It is through counsel's presence that the inmate has access to the courts until his life is over. The district court's order ensures that access. These legal principles are rendered meaningless when the Government insists, after

nearly 20 years, that Mr. LeCroy be executed now, in the middle of a deadly global pandemic.  Resetting the date will ensure that Mr. Lecroy's rights are protected and that falls within the public's interest in ensuring fair administration of the justice system.

Without a stay, Mr. LeCroy's will not have access to the courts and to meaningful legal counsel during the most critical stages of his case as the United States government prepares and implements his execution. Finally, it must be remembered that a stay serves the interests of the United States government, and the public's interest, in ensuring that the penalty of death is imposed in compliance with the Fourteenth Amendment.

## CONCLUSION

For the foregoing reasons, the Court should grant this Application and stay Mr. LeCroy's execution pending disposition of his Petition for Rehearing.

This 21st day of September, 2020.

Respectfully submitted,

BY:    /s/ John R. Martin
   John R. Martin
   1099 St. Louis Pl
   Atlanta, Georgia  30306
   Ph: (404) 433-7446
   jack@martinbroslaw.com

/s/Sandra Michaels
Sandra Michaels
965 Virginia Avenue NE
Atlanta, Georgia 30306
Ph: (404) 312-5781
SLMichaelsLaw@gmail.com

/s/Stephen Ferrell
Stephen Ferrell
Federal Defender Services of Eastern
Tennessee, Inc.
800 South Gay Street, Suite 2400
Knoxville, TN  37929
Ph:  (865) 637-7979
Stephen_Ferrell@fd.org


**ATTORNEYS FOR
APPELLANT LECROY**

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2020, the foregoing **Motion for Stay of Execution Pending En Banc Review** was filed electronically. Service was made upon Filing Users through the CM/ECF Electronic Filing System.

s/John R. Martin
John R. Martin